## ROBB v. POWERS, ET AL.

1. It is no sufficient return to a *Ca. Sa.* that the defendant therein, after it was placed in the officers hands, applied for the benefit of the bankrupt act of 1841; and this, although he afterwards obtained a final discharge in due course of proceedings; for *non constat* at the time the execution was returned, that the suit in bankruptcy would be successfully prosecuted.

2. *Quere*—Upon an affidavit of fraud, as required by a statute of this State, cannot a *Ca. Sa.* issue against a certificated bankrupt, and in order to his discharge, is it not necessary that he should have a verdict in his favor, upon an issue of fraud *vel non?*

Writ of error to the County Court of Mobile.

THIS cause was commenced before a justice of the peace and removed by appeal to the County Court. In the County Court a case was agreed and submitted for decision. The facts are these, the plaintiff in error caused a *capias ad satisfaciendum* to be issued by a justice of the peace, against the body of David Jones, for the sum of thirty-five dollars and costs; this execution was founded on a judgment and affidavit, such as the statute requires, is tested the 15th of February, 1843, and was placed in the defendants hands, as a constable, to execute, who made the following return: "The defendant has applied for

Robb v. Powers, et al.

the benefit of the bankrupt law." On the 21st of February, 1843, Jones applied for the benefit of the bankrupt law by filing his schedule, &c., in which the plaintiff's claim was embraced. In May, 1843, he was declared a bankrupt, and obtained his final discharge in due course of proceeding.

On these facts, the Court was to render judgment in favor of the plaintiff, for the amount of the execution against Powers and his sureties, if they did not excuse the failure to execute it; otherwise, judgment was to be given for the defendants. The Court adjudged that the constable was justified in the return of the execution, and thereupon rendered a judgment against the plaintiff for costs.

ADAMS, for the plaintiff in error, made the following points: 1. There is no reason assigned for the failure to execute the *ca. sa.* during the six days it was in the constable's hands before Jones' application for the benefit of the bankrupt law. 2. The defendant's became liable immediately upon the return of the execution, and the subsequent discharge of Jones cannot relieve them. [Givens v. Robbins, 5 Ala. Rep. 676; McDougald v. Reid & Talbot, Id. 810.] The liability of an officer for failing to proceed upon an execution, cannot be discharged by the subsequent release of the defendant therein, from his debts as a bankrupt.

No counsel appeared for the defendant.

COLLIER, C. J.—The fact that a defendant has applied for the benefit of the bankrupt law, or been declared a bankrupt, will not authorize the continuance or abatement of a suit pending against him; nor will it warrant a Court issuing an ordinary execution against a party thus situated, in quashing it. The cases cited by the plaintiff's counsel, and a decision at this term, very satisfactorily show such to be the law. It is only after the defendant has obtained his final discharge, that he can thus ask the Court to arrest proceedings against him; for until then, it cannot be known that he will successfully prosecute his suit in bankruptcy.

It may be well questioned whether it is not allowable to sue out a *ca. sa.* upon an affidavit of fraud, even against a certificated bankrupt, and whether, in order to his release, it is not

necessary that he should adopt the course provided by the statute, to try the question of fraud *vel non*. But, be this as it may, it is clear that Jones was liable to arrest on the *ca. sa.*, and that the constable has not excused the performance of his duty.

From this view it results, that the County Court erred; its judgment is consequently reversed and the cause remanded.